Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant PNC Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLY MELIAN and MICHAEL TREON, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A., DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-09034<br><br>**DEFENDANT PNC BANK, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Removed from Los Angeles County Superior Court, Case No. 24STCV24262] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant PNC Bank, N.A. ("PNC" or "Defendant") hereby removes the above-entitled action, *Melian v. PNC Bank, N.A.*, Case No. 24STCV24262 from the Superior Court of the State of California, County of Los Angeles (the "State Court Action"), to the United States District Court for the Central District of California.  PNC removes this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005, hereinafter "CAFA"), 1441, and 1446 on the following grounds.

## STATEMENT OF JURISDICTION

1.  This Court has jurisdiction over this action under CAFA, which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if the proposed class consists of at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one member of the proposed class is a citizen of a state different from that of one defendant.  *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

## PROCEDURAL BACKGROUND

2.  On September 18, 2024, Plaintiffs Nelly Melian and Michael Treon (collectively, "Plaintiffs") filed the State Court Action.

3.  A true and correct conformed copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.  A true and correct conformed copy of the Summons filed in the State Court Action is attached hereto as **Exhibit B**.  A true and correct conformed copy of the Civil Case Cover Sheet is attached hereto as **Exhibit C**. A true and correct copy of the Notice of Case Assignment filed in the State Court Action is attached hereto as **Exhibit D**.  A true and correct copy of the Alternate Dispute

Resolution Packet attached hereto as **Exhibit E**. A true and correct copy of the Proof of Service of Summons and Complaint is attached hereto as **Exhibit F**. A true and correct copy of the Initial Status Conference Order is attached hereto as **Exhibit G**. A true and correct copy of the Minute Order re: Initial Status Conference Order is attached hereto as **Exhibit H**. These materials comprise "all process, pleadings, and orders served" upon PNC in the State Court Action. *See* 28 U.S.C. § 1446(a).

## VENUE

4. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 84(c)(2), 1441, and 1446(a). This action was originally brought in Los Angeles County Superior Court, which is located within the Central District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

5. Plaintiffs served PNC with a copy of the Summons and Complaint on September 20, 2024. Pursuant to 28 U.S.C. § 1446(b) and Rules 6 and 81(c) of the Federal Rules of Civil Procedure, this removal is timely because PNC is filing removal within thirty (30) days of the date on which PNC was served with a copy of the Summons and Complaint.

6. PNC is the only non-fictitious defendant served with the Summons and Complaint.

## JURISDICTION PURSUANT TO CAFA

7. Section 4 of CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**DEFENDANT PNC BANK, N.A.'S NOTICE OF REMOVAL**

8. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

9. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by PNC pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

10. As previously noted, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(2) and 1441(a).

11. PNC is the only defendant that has been named and served in this matter. Therefore, all defendants who have been named and served join in this removal. Moreover, pursuant to CAFA, PNC need not obtain the consent of any other defendant to remove this action. 28 U.S.C. § 1453(b).

12. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action. *See* Compl. ¶ 14.

### A. The Purported Class Contains At Least 100 Members

13. In the Complaint, Plaintiffs allege that the members of the putative class "exceeds 100 persons" and "are so numerous as to make joinder impracticable." Id. ¶ 117. Plaintiffs further allege that PNC "has identified or can readily identify Class members." Id. Specifically, Plaintiffs allege that that the putative class consists of "all persons whom PNC employed in the State of California as an MLO at any time in the last four years before the filing of this action until such time as there is a final disposition of this lawsuit." Id. ¶ 114.

14. There are no fewer than 182 Putative Class Members whom PNC has employed in California at some time since September 18, 2020, i.e., four years prior to the commencement of the State Court Action. Gardner Decl. ¶ 5.

### B. There Is Diversity of Citizenship Between at Least One Proposed Class Member and One Defendant

15. The parties satisfy CAFA's diversity requirement because Ms. Melian is a citizen of the State of California, Mr. Treon is a citizen of the State of Florida, and PNC is a citizen of the State of Delaware.

16. **Plaintiff Nelly Melian's Citizenship.** At the time this action was commenced and at the time of removal, Ms. Melian was a citizen of the State of California. *See* Compl. ¶ 8 ("Plaintiff Nelly Melian is a citizen and resident of the State of California wherein Plaintiff asserts that he is a "citizen and resident of the State of California."). Thus, Ms. Melian is a citizen of California for purposes of removal. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile).

17. **Plaintiff Michael Treon's Citizenship.** At the time this action was commenced and at the time of removal, Mr. Treon was a citizen of the State of Florida. *See* Compl. ¶ 9 (stating that Mr. Treon moved to Florida on April 1, 2021). Thus, Mr. Treon is a citizen of Florida for purposes of removal. *Lew*, 797 F.2d at 751; *Dyer*, 19 F.3d at 519-20; *Smith*, 2008 WL 744709, at *7.

18. **PNC's Citizenship.** PNC is a national bank with its designated main office located in Delaware. Sweeney Decl., Ex. I at 1 (recognizing that "PNC Bank is a

- 5 -
**DEFENDANT PNC BANK, N.A.'S NOTICE OF REMOVAL**

national bank with its main office located in Wilmington, DE…") and n.1 ("PNC Bank applied and received approval from the OCC to relocate its main office from Pittsburgh, PA to Wilmington, DE, effective August 21, 2009").[1]  Thus, pursuant to 28 U.S.C. § 1348, PNC is a citizen of Delaware for purposes of removal.  *See* 28 U.S.C § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank, NA v. Schmidt*, 546 US 303, 307 (2006) ("[W]e hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen of only South Dakota, where its main office is located").

19. **Doe Defendants.** Plaintiffs have also named as defendants Does 1 through 100.  For purposes of removal based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same).  The existence of the alleged Doe defendants thus does not impact this Court's removal jurisdiction.  *Albrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).  CAFA's minimum diversity requirement is satisfied here because at least one Putative Class Member is a citizen of a different state from PNC.  28 U.S.C. § 1332(d)(2)(A); *see Davis v. Chase*

---

[1] PNC respectfully requests that the Court take judicial notice of this federal government document, which is publicly available at https://www.occ.gov/topics/charters-and-licensing/interpretations-and-actions/2009/ca928.pdf.  A district court may take judicial notice of facts contained in public records, such as publicly available information posted on a government website, for purposes of determining whether removal is proper. *See* Fed. R. Evid. 201(b); *see also Mosley v. Wells Fargo Bank NA*, 2017 WL 5478628, at *2 (N.D. Cal. Nov. 15, 2017) ("Courts may take judicial notice of publicly available official information filed with a governmental agency or posted on a governmental website.") (citing *Dudum v. Artnz*, 640 F.3d 1098, 1102 & n.6 (9th Cir. 2011) and *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)).

- 6 -
**DEFENDANT PNC BANK, N.A.'S NOTICE OF REMOVAL**

*Bank U.S.A.,* 453 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006) (holding that minimal diversity exists where any named plaintiff and defendant are citizens of different states).

### C. The Alleged Amount in Controversy Exceeds $5,000,000

20. Under CAFA, the claims of all class members are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

21. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A district court may consider the allegations of the complaint and the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

22. "A particularly powerful form of evidence is the plaintiff's own statements about the damages they seek." *Schmidt v. State Farm Gen. Ins. Co., Inc.*, 2023 WL 6370868, at *3 (E.D. Cal. Sept. 30, 2023) (quoting *Flores v. Safeway, Inc.*, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 2014 WL 2199645, at *3–4 (N.D. Cal. May 27, 2014)

(holding that a defendant may rely upon allegations made by plaintiff in a prior action when assessing the amount in controversy). Where a plaintiff admits that the amount in controversy is above the jurisdictional threshold, that admission is sufficient to satisfy this requirement. *See, e.g.*, *Eric L. Tavis v. Costco Wholesale Corp.*, 2024 WL 4403995, at *3 (C.D. Cal. Apr. 30, 2024) (holding that plaintiff's admission in demand letter claiming "damages well in excess of $75,000" was "alone sufficient to support a finding that the amount in controversy meets the preponderance standard").

23. Plaintiffs are both members of the class in a class action currently pending in the United States District Court for the Northern District of California entitled *Kazi v. PNC Bank*, Case No. 3:18-cv-04810-JCS ("*Kazi*"). *See* Sweeney Decl. Exs. J–K.[2] On September 20, 2024, Plaintiffs filed an objection to the proposed settlement in *Kazi* to the extent the settlement would preclude Plaintiffs from maintaining the State Court Action. *Id.* Specifically, Plaintiffs both stated in their respective objections that the proposed *Kazi* settlement payment "does not compensate [Plaintiffs] and the other class members for the **tens of millions of dollars** in lost wages, interest, and penalties that resulted from PNC's Labor Code violations, for which [Plaintiffs are] seeking relief through" the instant action. *Id.* at 1–2. To the extent there was any ambiguity as to which action Plaintiffs were referring, Plaintiffs both attached the instant State Court Action complaint to their objections. *Id.* at 1.

24. Plaintiffs' own statements thus establish that the amount in controversy is met by a preponderance of the evidence. The objections state that the State Court Action involves entirely new wage and hour claims based on different facts from those at issue in *Kazi*. Sweeney Decl. Exs. J–K. Because the putative class size here is similar to that in *Kazi*, Plaintiffs likely anticipate that the State Court Action will be valued similarly to *Kazi*, where a $11.8 million settlement was preliminarily approved.

---

[2] PNC respectfully requests that the Court also take judicial notice of these documents, which are publicly available on docket for *Kazi* at docket entries 267 and 268 respectively. Fed. R. Evid. 201(b); *see also Mosley*, 2017 WL 5478628, at *2.

- 8 -
**DEFENDANT PNC BANK, N.A.'S NOTICE OF REMOVAL**

25. PNC has conducted a good-faith investigation and based on the number of Putative Class Members, the number of alleged violations of California law, the four-year statute of limitations period embraced by some of Plaintiffs' claims, and the broad class definition alleged in the State Court Action, PNC has concluded that the aggregate amount in controversy presented by this case exceeds $5,000,000 for purposes of removal.

26. In sum, through PNC's own investigation and Plaintiffs' own admission, a removal of this matter is appropriate because CAFA jurisdiction has been established.

## SERVICE OF NOTICE OF REMOVAL

27. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles and will serve a copy on Plaintiffs, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, PNC respectfully requests removal of the State Court Action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: October 21, 2024    By: *Cassidy Young*
Paul W. Sweeney, Jr.
Cassidy T. Young

Attorneys for Defendant
PNC Bank, N.A.

# EXHIBIT LIST

| Exhibit | Description |
|---|---|
| A | Complaint |
| B | Summons |
| C | Civil Case Cover Sheet |
| D | Notice of Case Assignment |
| E | ADR Packet |
| F | Proof of Service of Summons and Complaint |
| G | Initial Status Conference Order |
| H | Minute Order re: Initial Status Conference Order |
| I | United States Comptroller of the Currency, Conditional Approval #928, November 2009, Oct. 27, 2009 |
| J | Michael Treon's Objections/Request for Clarification to the Settlement |
| K | Nelly Melian's Objections/Request for Clarification to the Settlement |